No. 96-324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

DANIEL ALDEN,

Defendant and Appellant.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

William F. Hooks; Appellate Defenders
Office; Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek; Attorney General;
Pamela P. Collins; Assistant Attorney General;
Helena, Montana

Dennis Paxinos; Yellowstone County Attorney;
Marcia Good Sept; Deputy County Attorney;
Billings, Montana

Submitted on Briefs: February 6, 1997

Decided: March 18, 1997
                        Filed:


_____
                        Clerk

     Justice Terry N. Trieweiler delivered the Opinion of the Court.

     The defendant, Daniel Alden, was charged by information, filed in the District Court for the Thirteenth Judicial District in Yellowstone County, with two counts of felony sexual assault, in violation of  45-5-502, MCA (1993).  He pled guilty to both charges pursuant to North Carolina v. Alford (1970), 400 U.S. 25. The District Court accepted his plea and, after a sentencing hearing, sentenced him to a term of imprisonment in the Montana State Prison.  He subsequently moved for reconsideration of his sentence and requested the District Court to consider alternatives to imprisonment, pursuant to the nonviolent offender provisions set forth at  46-18-201 and -225, MCA (1993).  After a hearing, the District Court denied the motion.  Alden appeals.  We affirm the judgment of the District Court.

     The issue on appeal is whether the District Court erred when it sentenced Alden to a term of imprisonment.

                    FACTUAL BACKGROUND

     On August 16, 1994, Daniel Alden was charged by information with two counts of felony sexual assault.  The information alleged that he sexually molested two minor girls.

     Alden pled guilty to both of the charges pursuant to North Carolina v. Alford (1970), 400 U.S. 25.  The District Court accepted his plea and ordered a presentence investigation report. The State of Montana recommended that he receive a suspended sentence, conditioned upon his successful completion of a sexual offender treatment program.  The probation and parole officer who prepared the presentence investigation report, however, recommended the imposition of a term of imprisonment.

     At the sentencing hearing, Dr. Judith Starr and Dr. James Selkin testified on Alden's behalf.  Dr. Starr, a licensed professional counselor with expertise in the field of sexual abuse, testified that, in her opinion, the facts in Alden's case meet the criteria for a false allegation of sexual abuse.  Dr. Selkin, a colleague of Alden's therapist at the Darrow Clinic in Denver, Colorado, testified that, in his opinion, Alden is safe in the

community and that incarceration would only serve to disrupt Alden's treatment.

After the sentencing hearing, the District Court concluded that a term of imprisonment is necessary to protect society and to make Alden aware of the severity of his actions. The District Court's judgment states, in relevant part:

Sentence was imposed for the following reasons:

1.    the contents of the presentence report;

2.    defendant's Sex Offender Evaluation submitted by Michael Sullivan and other reports provided to the Court;

3.    the testimony of Judy Starr and James Selkin, Ph.D. presented at the sentencing hearing;

4.    apologizes on behalf of society: defendant was abused by father and others later in life which has affected defendant through no fault of his own, however, this is an explanation not an excuse;

5.    defendant entered an Alford plea of Guilty to both counts as charged, thereby canceling a public trial and choosing not to have the jury be provided with the State's proof of facts/information and allow the jury to deliberate on defendant's guilt or innocence;

6.    recognizes defendant did not admit to actual guilt of committing the offenses, however, shall treat rendering judgment like the offenses have been committed: Court personally believes defendant is in denial and committed the offenses charged;

7.    notes defendant has participated in sex offender treatment of five plus (5+) years in Colorado and believes treatment is not doing defendant any good concluding children are not safe around defendant who remains a risk to all children; and

8.    has no crystal ball to predict the future, however, considering defendant's past is the best judge of future actions.

Accordingly, the District Court sentenced him to two concurrent fifteen-year terms in the Montana State Prison, with three years of each term suspended.

Alden subsequently moved for reconsideration of his sentence and requested the District Court to consider alternatives to

imprisonment, pursuant to the nonviolent offender provisions set forth at     46-18-201 and -225, MCA (1993).  After a hearing, the District Court denied the motion and issued a written order which states, in relevant part, as follows:

> (1)  the interests of justice and the needs of public safety require the level of security provided by imprisonment of the offender in the Montana State Prison;
>
> (2)  the defendant remains in denial and not motivated; therefore the needs of the offender can not be better served in the community or in a facility or program other than the Montana State Prison;
>
> (3)  there are no substantial grounds tending to excuse or justify the offense(s);
>
> (4)  the defendant was not acting under strong provocation;
>
> (5)  restitution was not an issue/argument, therefore not applicable;
>
> (6)  the offender has admitted to prior offenses for similar criminal acts;
>
> (7) the defendant's conduct was the result of circumstances which did occur again even after defendant participated in treatment and defendant remains a high risk to re-offend;
>
> (8)  the character and attitude of the offender indicate that he remains a high risk to re-offend;
>
> (9)  rehabilitative treatment at the Montana State Prison may be the motivating factor needed for the offender to respond to correctional treatment, thereby protecting children and society;
>
> (10) imprisonment or incarceration of the offender is always a hardship, although the Court believes the hardship to any child victim including defendant's children far outweigh the hardship the offender's confinement will create.

Alden appeals from the District Court's order.

### DISCUSSION

Did the District Court err when it sentenced Alden to a term of imprisonment?

In Montana, criminal sentencing alternatives are strictly a matter of statute. State v. LaMere (1995), 272 Mont. 355, 358, 900 P.2d 926, 928. Our standard of review, therefore, includes the question of whether the district court correctly applied the applicable statutes. LaMere, 272 Mont. at 358, 900 P.2d at 928. We review the district court's findings on which its sentence is based to determine whether they are clearly erroneous. State v. Bower (1992), 254 Mont. 1, 7, 833 P.2d 1106, 1110.

On appeal, Alden contends that the District Court erred when it sentenced him to a term of imprisonment. Initially, we note that he does not assert that the District Court failed to comply with the sentencing procedures mandated by 46-18-201 and -225, MCA (1993). Rather, Alden claims that the District Court's order is not supported by evidence in the record and that, based on the testimony and evidence he presented, he should not have been sentenced to a term of imprisonment. In essence, he disagrees with the District Court's final determination that incarceration is necessary and that alternatives to imprisonment are not appropriate in this case.

Section 46-18-201, MCA (1993), provides, in relevant part, as follows:

> (10) In sentencing a nonviolent felony offender, the court shall first consider alternatives to imprisonment of the offender in the state prison, including placement of the offender in a community corrections facility or program. In considering alternatives to imprisonment, the court shall examine the sentencing criteria contained in 46-18-225. If the offender is subsequently sentenced to the state prison . . . the court shall state its reasons why alternatives to imprisonment were not selected, based on the criteria contained in 46-18-225.

Section 46-18-201(10), MCA (1993).

Section 46-18-225, MCA (1993), is entitled "Criteria for sentencing nonviolent felony offenders," and provides as follows:

> Prior to sentencing a nonviolent felony offender to a term of imprisonment in the state prison . . . the court shall take into account whether:
> (1) the interests of justice and the needs of public safety truly require the level of security provided by imprisonment of the offender in the state prison . . .;
> (2) the needs of the offender can be better served in the community or in a facility or program other than the state prison . . .;
> (3) there are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

(4) the offender acted under strong provocation;

(5) the offender has made restitution or will make restitution to the victim of the offender's criminal conduct;

(6) the offender has no prior history of conviction for a criminal act or has led a law-abiding life for a substantial period of time before the commission of the present crime;

(7) the offender's criminal conduct was the result of circumstances that are unlikely to recur;

(8) the character and attitude of the offender indicate that the offender is likely to commit another crime;

(9) the offender is likely to respond quickly to correctional or rehabilitative treatment; and

(10) imprisonment of the offender would create an excessive hardship on the offender or the offender's family.

Section 46-18-225, MCA (1993).

Sections 46-18-201(10) and -225, therefore, require a district court to: (1) consider alternatives to imprisonment; (2) examine the criteria set forth at 46-18-225, MCA (1993); and (3) state the reasons for its decision if an alternative to imprisonment is not selected. These statutes, however, do not require a district court to sentence a nonviolent felony offender to an alternative to imprisonment. Instead, they allow a district court to impose an alternative sentence when the circumstances warrant such a disposition.

Likewise, although a district court must examine the criteria set forth at 46-18-225, MCA (1993), that statute neither provides a formula by which a district court can determine whether an alternative to imprisonment is appropriate, nor does it indicate that greater consideration should be given to any one of the statutory criteria than to the others.

We have held that district courts are consistently granted broad discretion to determine the appropriate punishment, and that we will not review a sentence on appeal for mere disparity or inequity. State v. Graveley (1996), 275 Mont. 519, 521, 915 P.2d 184, 186; State v. DeSalvo (1995), 273 Mont. 343, 346, 903 P.2d 202, 204; State v. Hembd (1992), 254 Mont. 407, 411, 838 P.2d 412, 415. Furthermore, the district court is in the best position to weigh the evidence, judge the credibility of witnesses, and resolve conflicts in the evidence. Bower, 254 Mont. at 8, 833 P.2d at 1111. Finally, we have previously held that although "a criminal defendant has a right to a sentence based upon substantially correct information, we will not strain . . . to find a mistake. Rather, the District Court is presumed to be correct." State v.

Petroff (1988), 232 Mont. 20, 23, 757 P.2d 759, 761 (citation omitted).

At both the sentencing hearing and the hearing on the motion for reconsideration, Alden presented evidence and witnesses in support of his contention that alternatives to imprisonment were appropriate in his case.

However, the District Court considered alternatives to imprisonment, examined the criteria set forth at 46-18-225, MCA (1993), and, in its written order, stated its reasons, based on the criteria set forth at 46-18-225, MCA (1993), why alternatives to imprisonment were not selected.

Furthermore, we conclude that evidence was presented which supports the findings on which the District Court's sentence was based, and that its findings were not clearly erroneous. That evidence consisted of the following documents or facts: the presentence investigation report and its attachments; Alden's admission that he had molested children in the past; the absence of an excuse or provocation for the commission of the acts alleged in this case; the apparent ineffectiveness of prior treatment; the possibility that Alden would re-offend in the future; the need to protect society, particularly children who are at risk; and the seriousness of the crimes charged.

Therefore, we conclude that the District Court did not err when it sentenced Alden to a term of imprisonment. Accordingly, the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER


We Concur:

/S/ J. A. TURNAGE
/S/ JIM REGNIER
/S/ KARLA M. GRAY
/S/ WILLIAM E. HUNT, SR.