

DA 10-0302

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 259

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GAYLE ABRAHAM MORRIS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 09-294(a)
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nathan J. Hoines; Hoines Law Office, P.C., Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney; Kory Larsen, Deputy Cascade
County Attorney, Great Falls, Montana

          Submitted on Briefs:  November 10, 2010

          Decided:  December 14, 2010

Filed:

          _____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Gayle A. Morris pleaded no contest in the District Court of the Eighth Judicial District, Cascade County, to Accountability to Prostitution and Obstructing a Peace Officer or Other Public Servant. He now appeals his sentences. We affirm.

## ISSUES

¶2    We restate Morris' issues as follows:

¶3    1. Whether the District Court illegally sentenced Morris in violation of his constitutional rights and Montana sentencing policy.

¶4    2. Whether the District Court abused its discretion when it sentenced Morris to the maximum statutory penalty.

## BACKGROUND

¶5    On July 9, 2009, Morris was charged with Promoting Prostitution, a felony pursuant to § 45-5-602, MCA (2007). The charge resulted from a two-year investigation of Really Windy's Gentlemen's Club, in Great Falls, of which Morris was the proprietor. The supporting affidavit alleged that Morris knowingly promoted prostitution by employing exotic dancers who performed sexual acts with male customers, on the premises.

¶6    On May 17, 2010, Morris entered into a plea agreement with the Cascade County Attorney. In exchange for the Promoting Prostitution charge being dropped, Morris agreed to plead no contest to the amended charges of Accountability to Prostitution, § 45-5-601(1), MCA, and Obstructing a Peace Officer or Other Public Servant, § 45-7-302,

MCA. In the agreement, Morris acknowledged that sentencing was entirely within the discretion of the presiding district court judge, subject to the limits of statutory and case law. The County Attorney agreed to recommend that Morris pay a fine of $500, for each offense, and a $35 surcharge, for each offense. Additionally, the County Attorney agreed to recommend that Morris receive two suspended six-month sentences, to run consecutively. Morris acknowledged that pursuant to § 45-12-211(2), MCA (2007), his plea could not be withdrawn, even if the District Court decided to not accept the County Attorney's recommendation. The County Attorney filed an amended information reflecting the new charges.

¶7 On June 3, 2010, Morris and the County Attorney agreed to a set of stipulated facts supporting the amended information. Morris did not admit any of the facts but stipulated that the State was capable of presenting them at trial. They included:

1. At all times specified in the amended information, the defendant Gayle Morris, was the proprietor of Really Windy's Gentleman's Club.

.  .  .

6. Female dancers engaged in prostitution on the premises of Really Windy's Gentlemen's Club by engaging in or offering to engage in sexual intercourse with patrons.

.  .  .

9. Morris, knew, or should have known of these activities by dancers on the premises of Really Windy's Gentlemen's Club.

.  .  .

11. Morris aided the dancers in the planning or commission of the offense of prostitution by not taking action to end the activities.

3

12. Prior to the service of the search warrant in this case, Morris, while cleaning the establishment, removed and/or destroyed condoms and wrappers hindering the enforcement of criminal law.

¶8 On June 3, 2010, Morris appeared at a change of plea hearing. He advised the court that he wanted to go forward with the plea agreement. The District Court accepted the plea and sentenced Morris to the maximum statutory penalties. For the charge of Accountability to Prostitution, Morris received six months in the Cascade County Detention Center, with no time suspended, and a fine of $500. For the charge of Obstructing a Peace Officer or Other Public Servant, Morris received six months in the Cascade County Detention Center, with no time suspended, and a fine of $500. The sentences were to run consecutively.

¶9 The court articulated eight reasons for Morris' sentences: (1) The serious nature of the offense, (2) harm to the community, (3) harm to the young women who were brought into prostitution and the permanent damage to their lives, (4) the permanent damage to other people in like situations, (5) the ripple effect of the crime on the community, (6) the fact that Morris was a former Mayor of Great Falls and a former Cascade County Commissioner indicated that he should have known better, (7) Morris did not contest the charges and admitted the fact that he supported the charges, indicating a high probability of conviction at trial, and (8) Morris' conduct was unacceptable in the community.

¶10 Morris appealed the sentences to this Court.

STANDARD OF REVIEW

4

¶11     When an offender is not statutorily eligible for sentence review, this Court reviews the sentence for legality and abuse of discretion. *State v. Gunderson*, 2010 MT 166, ¶ 37, 357 Mont. 142, 237 P.3d 74.

## DISCUSSION

¶12     To be statutorily eligible for sentence review, a defendant must be sentenced to a term of one year or more in the state prison or to the custody of the Department of Corrections. Section 46-18-903(1), MCA. Morris was sentenced to two consecutive terms of six months at the Cascade County Jail. As a result, Morris was not eligible for sentence review and we review his sentences for legality and abuse of discretion.

¶13     Morris additionally invites the Court to review his sentences for "uniformity," in a manner similar to the Sentence Review Division. However, "'sentence review is not a constitutional right.'" *State v. Hinkle*, 2008 MT 217, ¶ 11, 344 Mont. 236, 186 P.3d 1279 (quoting *State ex rel. Holt v. Dist. Ct.*, 2000 MT 142, ¶ 12, 300 Mont. 35, 3 P.3d 608). The Legislature created sentence review statutorily and has the discretion to determine which offenses are subject to such review. *Id.* Thus, we decline Morris' invitation and will review his sentences solely for legality and abuse of discretion. *Hinkle*, ¶ 11.

¶14     *Whether the Sentences Were Illegal Because they Violated Morris' Constitutional Rights and Montana Sentencing Policy.*

¶15     Generally, a sentence is legal if it falls within statutory limits. *State v. Harper*, 2006 MT 259, ¶ 17, 334 Mont. 138, 144 P.3d 826. Morris does not contend that he was sentenced in excess of statutory authority. Instead, he argues that his sentences violate §

5

46-18-101, MCA, his due process rights, and his Fifth Amendment right against self-incrimination. We address each contention in turn.

   *a. Section 46-18-101, MCA*

¶16   Section 46-18-101, MCA, sets forth Montana's correctional and sentencing policy. Specifically, § 46-18-101(3)(c), MCA, provides, "[s]entencing practices must be neutral with respect to the offender's race, gender, religion, national origin, or social or economic status." Morris argues that the District Court violated this policy when it considered his status as a former mayor and former county commissioner. He equates prior public service to a social or economic status. However, Morris fails to present any legal authority, or argument, in support of such a contention. On appeal, the Appellant has the burden to present legal authority that establishes error on the part of the district court. *State v. Giddings*, 2009 MT 61, ¶ 69, 349 Mont. 347, 208 P.3d 363. Morris has failed to demonstrate that his sentences violated § 46-18-101, MCA.

¶17   Moreover, "'in imposing sentence, the sentencing court may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, the defendant's background history, mental and physical condition, and any evidence the court considers to have probative force.'" *Driver v. Sentence Rev. Div. in the Sup. Ct. of Mont.*, 2010 MT 43, ¶ 17, 355 Mont. 273, 227 P.3d 1018 (quoting *State v. Collier*, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996)). Morris invited the District Court to consider his history of public service and repeatedly touted the probative nature of his former positions. He cannot now turn around and argue that such consideration was improper merely because he dislikes the result.

6

*b. Due Process*

¶18 Morris argues that the District Court denied him due process of law because his sentences were based on misinformation or information contained in the original information and supporting affidavit. Both the Montana Constitution and United States Constitution protect criminal defendants from being sentenced based on misinformation. *State v. Walker*, 2007 MT 205, ¶ 22, 338 Mont. 529, 167 P.3d 879; Mont. Const. art. II, § 17; U.S. Const. amend. XIV. A criminal defendant must be allowed to "explain, argue, and rebut any information . . . that may lead to the deprivation of life, liberty, or property." *Walker*, ¶ 22. However, due process is not violated if the sentencing court does not rely on improper or erroneous information. *State v. Mason*, 2003 MT 371, ¶ 21, 319 Mont. 117, 82 P.3d 903, *overruled in part State v. Herman*, 2008 MT 187, ¶ 12, 343 Mont. 494, 188 P.3d 978. A defendant has the burden to prove that alleged misinformation is materially inaccurate. *Harper*, ¶ 18.

¶19 We need not address the question of material inaccuracy, because Morris has failed the threshold requirement of proving the District Court relied on misinformation. The District Court explicitly based Morris' sentences on the stipulated facts and his voluntary responses at the hearing. Morris fails to point to any portion of the sentencing order that reflects reliance on improper or erroneous information. In his Reply Brief, Morris admits that the stipulated facts were sufficient to support his plea.

¶20 Morris challenges the District Court's findings that he harmed the community, caused a ripple effect in the community and was responsible for damage done to the young women. A sentencing court must clearly state the reasons for the sentence

7

imposed. Section 46-18-102(3)(b), MCA. A district court is in the best position to deal with the evidence before it. *State v. Alden*, 282 Mont. 45, 51, 934 P.2d 210, 214 (1997). We presume a sentencing court to be correct and do not strain to find a mistake. *Id.* Here, the District Court complied with its statutory duty and provided eight reasons for Morris' sentence. Furthermore, the District Court presided over this action, had firsthand knowledge of the issues involved and was in the best position to discern the reasons Morris merited the sentences he received. Morris essentially invites the Court to strain to find error, and we decline to do so.

¶21 Morris also challenges the evidentiary basis for the District Court's finding that his plea of no contest indicated a high probability of conviction at trial. The no contest plea exists to allow a defendant to plead guilty, without admitting to a charge, when the record contains strong evidence of guilt. Commission Comments to § 46-12-212, MCA. The District Court's finding was merely an articulation of this policy.

*c. Self-Incrimination*

¶22 Morris claims that his right against self-incrimination was violated because he was punished for a lack of remorse and failure to admit he was wrong. A district court is permitted to sentence a defendant based on lack of remorse so long as there is affirmative evidence of the lack of remorse. *State v. Rennaker*, 2007 MT 10, ¶ 51, 335 Mont. 274, 150 P.3d 960. However, we will not uphold a sentence where a district court draws a negative inference of lack of remorse as a result of a defendant's invocation of his constitutional right to remain silent and refusal to admit guilt. *State v. Shreeves*, 2002 MT 333, ¶ 22, 313 Mont. 252, 60 P.3d 991. Furthermore, "a sentencing court may not

8

punish a defendant for failing to accept responsibility for the crime when that defendant has expressly maintained his innocence and has a right to appeal his conviction." *State v. Cesnik*, 2005 MT 257, ¶ 25, 329 Mont. 63, 122 P.3d 456.

¶23 As a threshold matter, Morris' argument fails because he does not establish that the sentences were based on lack of remorse or failure to admit wrong-doing. The District Court provided eight valid reasons for the sentences, none of which indicate any reliance on lack of remorse or accountability. Morris offers a single instance where the District Court inquired whether he felt remorse. This alone, does not establish that the District Court relied on lack of remorse or accountability. Moreover, Morris offers no explanation why, in the absence of an explicit finding, we should assume that the sentences were based on lack of remorse or accountability.

¶24 *Whether the District Court Abused its Discretion by Sentencing Morris to the Maximum Penalty Allowed by Statute.*

¶25 Finally, we turn to whether the District Court abused its discretion when it sentenced Morris to two consecutive six-month prison terms, with no time suspended, and two $500 fines. "An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *State v. Cotterell*, 2008 MT 409, ¶ 89, 347 Mont. 231, 198 P.3d 254. Morris argues that the District Court abused its discretion because his sentences essentially constitute cruel and unusual punishment. We disagree.

¶26 The District Court provided eight valid reasons for the statutorily-authorized sentences. Notably, the District Court was influenced by the fact that Morris' previous

9

public service indicated he should have known better. Furthermore, when Morris signed the plea agreement, he was more than well aware of the potential maximum penalty. We conclude that the District Court's sentences were not arbitrary and did not exceed the bounds of reason.

¶27 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS