DA 11-0189

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 275

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

ROSS ROBERTS HABETS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 10-323
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jon Ellingson, Attorney at Law, Missoula, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          John Parker, Cascade County Attorney; Kory Larsen, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:   October 12, 2011
Decided:   November 8, 2011

Filed:

                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Ross Roberts Habets (Habets) appeals his sentence for aggravated assault imposed in the Eighth Judicial District, Cascade County.  The District Court committed Habets to the Department of Corrections (DOC) for one year and sentenced him to the Montana State Prison (MSP) for 19 years.  Habets argues that his mental condition required the court to sentence him to a rehabilitative program and a less lengthy imprisonment.  We affirm.

¶2      We review the following issue on appeal:

¶3      *Whether the District Court illegally sentenced Habets to a one-year commitment with the Department of Corrections and 19 years at Montana State Prison for aggravated assault.*

FACTUAL AND PROCEDURAL BACKGROUND

¶4      This sad saga began on June 11, 2010, when Habets sought emergency treatment at the Great Falls Center for Mental Health (Center).  The Center diagnosed him with Bipolar I Disorder.  The Center referred him to the Emergency Department at Benefis Hospital (Benefis) in Great Falls.  Habets spent the night at Benefis where the doctor diagnosed him with Major Depression and prescribed him medication.  Habets applied for mental health treatment from the Addictive and Mental Health Disorders Division of the Department of Public Health and Human Services (Division).  Habets set up an appointment with the Division for August 24, 2010.

¶5      Habets went out drinking with friends on July 24, 2010.  The group later went fishing on the Missouri River below Morony Dam.  Charles Stoner (Stoner) tragically elected to go fishing below Morony Dam that day with his 13-year-old son.  Habets innocently

2

approached Stoner and struck up a brief conversation before departing. Habets returned. This time his intentions were far from innocent. Habets struck Stoner in the face without any warning or provocation. Stoner suffered extensive injuries that required hospitalization. Medical staff treated Stoner for a broken nose, broken jaw, and a shattered eye socket. The medical costs from the attack exceeded $45,000 as of the time of sentencing.

¶6 The State of Montana (State) charged Habets with felony aggravated assault. Barbara Cotter (Cotter), a licensed addiction counselor, evaluated Habets after his arrest. Cotter determined that Habets exhibited alcohol dependence and also symptoms of mental illness. Cotter recommended a further psychological evaluation. Dr. Donna Zook (Dr. Zook), a psychologist, also examined Habets. Dr. Zook diagnosed Habets with Bipolar I disorder and alcohol abuse.

¶7 The District Court held an omnibus hearing on September 29, 2010. Habets reserved his right to introduce evidence at trial that he lacked the state of mind required for aggravated assault due to a mental disease or defect. Habets's counsel did not ask for a psychological evaluation or claim that Habets was unfit to proceed to trial.

¶8 Habets entered a guilty plea pursuant to a plea agreement on November 22, 2010. Habets agreed to plead guilty to aggravated assault in return for the State agreeing not to seek Habets's designation as a persistent felony offender. The agreement allowed each side to make a sentencing recommendation. Habets acknowledged at the change of plea hearing that the plea agreement left the sentence to the District Court's discretion.

3

¶9 The District Court accepted Habets's guilty plea and ordered a Pre-Sentence Investigation. Stoner, Cotter, Dr. Zook, and Habets all testified at the sentencing hearing. The State recommended a sentence of 20 years at MSP, with 10 years suspended. Habets requested a 10-year commitment to DOC, with five years suspended. Habets also requested placement in the Nexus substance abuse treatment center followed by assignment to a prerelease center.

¶10 The court initially committed Habets to DOC for a 20-year term. The court further recommended that DOC place Habets in a chemical dependency and mental health program as soon as possible. The State reminded the court, however, that Montana law provides for a maximum DOC commitment of 10 years with five suspended. Section 46-18-201(3)(a)(iv)(A), MCA. The court promptly vacated its pronouncement. The court instead sentenced Habets to a "one year commitment to [DOC] for placement in the Nexus program, followed by placement at [MSP]" for 19 years.

¶11 The court awarded credit for time served and ordered Habets to pay $45,650.54 in restitution. Habets now resides at Crossroads Correctional Center in Shelby, Montana. DOC did not place him in the Nexus rehabilitation program. Habets has not received any mental health treatment. He now receives medication appropriate for his mental illness and reports feeling markedly better.

STANDARD OF REVIEW

¶12 We review a criminal sentence for legality only. We consider whether the sentence falls within the parameters set by the applicable sentencing statutes. *State v. Gunderson*,

2010 MT 166, ¶ 38, 357 Mont. 142, 237 P.3d 74. We leave equitable claims to the Sentence Review Division. *State v. Montoya,* 1999 MT 180, ¶ 12, 295 Mont. 288, 983 P.2d 937.

DISCUSSION

¶13 The Court generally upholds a legal sentence if it falls within statutory limits. *State v. Morris*, 2010 MT 259, ¶ 15, 358 Mont. 307, 245 P.3d 512; *State v. Harper*, 2006 MT 259, ¶ 17, 334 Mont. 138, 144 P.3d 826. Section 45-5-202(2), MCA, provides the applicable sentence for aggravated assault. The statute provides for a maximum prison term not to exceed 20 years.

¶14 The court sentenced Habets to a one-year commitment to DOC followed by 19 years at MSP. Habets will be eligible for parole after five years. We recognize the tragic facts surrounding this case. We also must recognize, however, that the court imposed a sentence within the statutory bounds. We do not substitute our discretion for that of the district court when a sentence falls within the statutory limits. *State v. Baker*, 2008 MT 396, ¶ 14, 347 Mont. 159, 197 P.3d 1001.

¶15 Habets nevertheless claims that the District Court neglected to follow Montana's sentencing policies. He argues that the District Court failed to account for Habets's mental illness and his attempts to seek mental health treatment before the incident in violation of § 46-18-101(2), MCA. Section 46-18-101, MCA, lays out Montana's sentencing policy and principles. *State v. Krum*, 2007 MT 229, ¶ 25, 339 Mont. 154, 168 P.3d 658. The sentencing statute provides that a district court should "punish each offender commensurate

5

with the nature and degree of harm caused by the offense and to hold an offender accountable." Section 46-18-101(2)(a), MCA.

¶16 The District Court followed the law in this case. *State v. Garcia*, 2011 MT 130, ¶ 14, 360 Mont. 537, 254 P.3d 589. The sentence admittedly equates nearly with the statutory maximum in terms of length of the possible prison sentence. The District Court accounted for Habets's mental health status, however, when it allowed for the possibility of parole after five years at MSP.

¶17 The District Court also considered the gravity of the offense when determining Habets's sentence. Section 46-18-101(2)(b), MCA; *Prindel v. Ravalli County*, 2006 MT 62, ¶ 41, 331 Mont. 338, 133 P.3d 165. Stoner suffered serious injuries that required extended hospitalization and medical treatment. Habets claims that the court wrongly emphasized punishing Habets rather than restoring the victim. The court considered the victim when it imposed a restitution award on Habets of $45,650.54. Section 46-18-101(2)(c), MCA.

¶18 Habets further argues that the court failed to comply with the rehabilitative section of the sentencing policy statute. We disagree. The court's sentence facilitated Habets's successful reentry into Montana communities by recommending that DOC place him in the Nexus rehabilitation program and allowing him to be eligible for parole after five years. Section 46-18-101(2)(d), MCA. A district court can only recommend placement into an appropriate treatment program. Section 46-18-201(3)(a)(iv)(A), MCA.

¶19 The District Court considered properly the aggravating and mitigating factors in this case. Section 46-18-101(3)(d), MCA. Habets presented his mental illness as a mitigating

6

circumstance.  The court found that Habets's considerable criminal record qualified as an aggravating factor.  *State v. Gordon*, 1999 MT 169, ¶ 43, 295 Mont. 183, 983 P.2d 377.

¶20    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BETH BAKER