
DA 11-0303

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 302

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANIEL DODSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-0302
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Martin W. Judnich, Vincent J. Pavlish; Law Offices of Martin W. Judnich, Missoula, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Jennifer Clark, Deputy County Attorney, Missoula Montana

Submitted on Briefs:  November 2, 2011
Decided:  December 6, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Appellant Daniel Dodson (Dodson) appeals his sentence for felony criminal endangerment imposed by the Fourth Judicial District Court, Missoula County. We affirm.

¶2    We review the following issues on appeal:

¶3    *1. Whether the District Court improperly imposed restitution for Dodson's felony criminal endangerment conviction.*

¶4    *2. Whether the District Court abused its discretion in imposing a 10-year sentence with all but 180 days suspended.*

FACTUAL AND PROCEDURAL BACKGROUND

¶5    Dodson crashed into a car driven by 17-year-old Suzanna Lackner (Suzanna) at approximately 4:35 a.m. on April 11, 2010, on Highway 93 near Missoula. A state trooper found several empty alcohol containers in Dodson's car. Dodson refused a breathalyzer test at the hospital. Extensive damage forced law enforcement to rescue Suzanna from her car. Suzanna shattered her ankle, among several injuries that she suffered. Dodson claimed he had no memory of what happened after 9:30 p.m. the previous evening.

¶6    The State of Montana (State) charged Dodson with felony criminal endangerment, in violation of § 45-5-207(1), MCA, and negligent vehicular assault, resulting in bodily injury, in violation of § 45-5-205(1), MCA. Dodson entered a guilty plea to felony criminal endangerment and the State in turn dropped the other charge. The District Court committed Dodson to the Department of Corrections (DOC) for 10 years, with all but 180 days suspended. The court ordered Dodson to pay restitution of $2,800 for Suzanna's lost

2

summer wages, $2,500 for Suzanna's father's lost wages, and $1,339 for unpaid medical expenses. The court based the restitution amount on the facts set forth in the presentence investigation report (PSI) and the testimony at the sentencing hearing.

¶7     The PSI contained a letter from Larry Lackner (Larry), Suzanna's father, in which Larry claimed lost wages and vacation time due to the injuries that Suzanna suffered in the collision. Larry explained that he had missed work and burned vacation days to transport Suzanna to medical appointments. Larry testified at the sentencing hearing that Suzanna, due to her injuries, could not find summer employment. Suzanna testified that she could not join the Air National Guard as she had planned. Suzanna's parents further testified that Dodson had failed to assist Suzanna after seeing her injured in the car.

STANDARD OF REVIEW

¶8     We review for clear error findings of fact regarding the amount of restitution. *State v. O'Connell*, 2011 MT 242, ¶ 7, 362 Mont. 171, 261 P.3d 1042. We find clear error if the findings are not supported by substantial evidence. Evidence is substantial if "a reasonable mind might accept it as adequate to support a conclusion." *O'Connell*, ¶ 7.

¶9     We review a criminal sentence for legality. *State v. Gunderson*, 2010 MT 166, ¶ 37, 357 Mont. 142, 237 P.3d 74. We review a sentence for abuse of discretion only if an offender is ineligible for sentence review. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017. An offender sentenced to less than one year of actual incarceration is ineligible for sentence review. Section 46-18-903(1), MCA. A court abuses its discretion if it acts "arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting

3

in substantial injustice." *State v. Henson*, 2010 MT 136, ¶ 19, 356 Mont. 458, 235 P.3d 1274.

## DISCUSSION

¶10     *Whether the District Court improperly imposed restitution for lost wages.*

¶11     Dodson argues that the District Court improperly considered Suzanna's loss of summer wages in its restitution calculation.  Section 46-18-243(1)(a), MCA, states that a district court's measure of a pecuniary loss includes what "a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities…."  Loss of income constitutes an appropriate element of a pecuniary loss. Section 46-18-243(1)(a), MCA.

¶12     A court may use " 'reasonable methods based on the best evidence available under the circumstances' " to calculate uncertain losses.  *O'Connell*, ¶ 14 (quoting *State v. Benoit*, 2002 MT 166, ¶ 29, 310 Mont. 449, 51 P.3d 495).  These methods can include a " 'reasonably close estimate of the loss.' "  *Benoit*, ¶ 29 (quoting *Hostetter v. Donlan*, 221 Mont. 380, 383, 719 P.2d 1243, 1245 (1986)).  The District Court ordered that the PSI include documentation of the victim's pecuniary loss.  Dodson argues that the court acted speculatively in estimating the lost wages for Suzanna's summer employment.

¶13     The Court has determined that "speculative calculations" will not suffice to draw findings of facts to support an order of restitution.  *State v. Coluccio*, 2009 MT 273, ¶ 45, 352 Mont. 122, 214 P.3d 1282.  The victim's wife in *Coluccio* had calculated nearly $3 million as restitution for her deceased husband's lost wages.  *Coluccio*, ¶ 43.  The wife could

not explain at the sentencing hearing, however, how she had calculated the lost wages. *Coluccio*, ¶ 45. The Court concluded that "[a]ssumptions, ballpark figures from friends, and purely speculative calculations" could not substantiate findings of fact regarding amounts of restitution owed. *Coluccio*, ¶ 45. Larry's testimony at the sentencing hearing regarding Suzanna's lost wages differs.

¶14 Larry explained his calculation based upon Suzanna earning minimum wage for a 40-hour workweek during the 10-week summer vacation. Dodson's claim of speculation relates more to whether Suzanna could have found a minimum wage job for the summer than to the amount that Suzanna would have earned at a job. Dodson failed, however, to present any contrary arguments regarding Suzanna's ability to find a minimum wage job. Dodson failed entirely to cross-examine Suzanna at the sentencing hearing regarding her ability to find a minimum wage job for the summer. He limited his cross-examination of Larry regarding Suzanna's lost wages to the question of whether Suzanna had a summer job to which she would have been returning. Dodson opted to forgo the opportunity to present a different estimate regarding the amount that Suzanna could earn or her likelihood of finding a minimum wage job for the summer. The statements within the PSI and the sentencing hearing testimony sufficiently support the amount of restitution. The District Court acted reasonably, based on the best evidence available, when it included Suzanna's lost potential summer earnings in its restitution calculation.

¶15 *Whether the District Court abused its discretion in imposing a 10-year sentence with all but 180 days suspended.*

5

¶16     The Court generally upholds a legal sentence if it falls within statutory limits. *State v. Habets*, 2011 MT 275, ¶ 13, 362 Mont. 406, ___ P.3d ___.     Section 45-5-207, MCA, lays out the criminal endangerment statute.  The law provides that a person convicted of criminal endangerment "shall be fined an amount not to exceed $50,000 or imprisoned in the state prison for a term not to exceed 10 years, or both."  Section 45-5-207(2), MCA.  The District Court legally imposed a 10-year DOC commitment with all but 180 days suspended.

¶17     Dodson argues that the District Court should not have considered the testimony at the sentencing hearing regarding Dodson's lack of apology to Suzanna before the hearing.  A district court cannot punish a defendant for a lack of remorse if it implicates the defendant's right to remain silent. *State v. Morris*, 2010 MT 259, ¶ 22, 358 Mont. 307, 245 P.3d 512. The District Court did not list Dodson's lack of remorse as a reason for its sentence. The District Court instead cited Dodson's prior drunk-driving infractions.  The court did not abuse its discretion in allowing Suzanna's family to testify regarding Dodson's failure to apologize when it did not rely on this testimony.

¶18     Dodson further contends that he should have received a shorter sentence due to his status as a first-time felon.  The District Court provided sufficient justification for the legal sentence as required by § 46-18-102(3)(b), MCA.  Dodson had a prior record involving several drunk-driving infractions.  The court considered properly Dodson's "extensive driving record" and "alcohol-related driving offenses" as the reason for the sentence. *State v. Gordon*, 1999 MT 169, ¶ 43, 295 Mont. 183, 983 P.2d 377.  The court admittedly imposed the maximum length sentence allowed under the statute.  Section 45-5-207, MCA.  The court

suspended over nine years of the DOC commitment. The District Court did not exceed the bounds of reason or act arbitrarily under these circumstances. *Henson*, ¶ 19.

¶19   Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE