FILED

10/13/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0578

DA 18-0578

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 261N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

AUSTIN MICHAEL WHITE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 17-432
Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Laura M. Reed, Attorney at Law, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

      Joshua A. Racki; Cascade County Attorney, Jennifer L. Quick, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  September 16, 2020

Decided:  October 13, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant and Appellant Austin Michael White (White) appeals the August 24, 2018 Sentencing Order and Judgment issued by the Eighth Judicial District Court, Cascade County, ordering White to pay $15,360.86 in restitution to Gary Skolrud (Skolrud), one of the victims of the charges brought against White. We affirm.

¶3 On July 28, 2017, White was charged with four felonies—criminal mischief, burglary, and two counts of theft. On August 22, 2018, pursuant to a plea agreement, he pled guilty to felony criminal mischief and the District Court, upon the State's motion, dismissed the remaining charges. Pursuant to the plea agreement, White agreed to pay restitution for all counts, including those dismissed. White did not contest the claimed restitution to the victim, Gary Hackett, of the criminal mischief offense to which he pled guilty, but reserved the right to contest at sentencing the amount of restitution owed to Skolrud relating to the dismissed counts. On August 22, 2018, after the sentencing hearing,

the District Court ordered White to pay Skolrud restitution of $15,360.86 in conjunction with the dismissed claims.[1] White appeals.

¶4 We review criminal restitution orders for compliance with §§ 46-18-241 through -249, MCA. *State v. Pierre*, 2020 MT 160, ¶ 10, 400 Mont. 283, 466 P.3d 494. We review related conclusions and applications of law de novo for correctness and related findings of fact only for clear error. Findings of fact are clearly erroneous only if not supported by substantial evidence, the lower court clearly misapprehended the effect of the evidence, or we are firmly convinced upon our review of the record that the court was otherwise mistaken. *Pierre*, ¶ 10 (citations omitted).

¶5 White asserts the District Court erred in relying on Skolrud's affidavits and testimony as he did not have personal knowledge of how the valuations in his affidavit were determined. White also contends the District Court erred in awarding restitution for a Ford van, asserting it was not mentioned in the charging affidavit, he was not charged with causing the damage, and he did not agree to pay for those repairs in the plea agreement. Finally, White asserts his counsel was ineffective in failing to introduce computer printouts of current prices offered by retailers for the claimed items of loss to rebut Skolrud's claimed valuations.

¶6 Upon sentencing in a criminal case, courts must require defendants to pay restitution in an amount sufficient to fully compensate victims for all pecuniary loss substantiated by

---

[1] After the oral pronouncement of sentence and restitution, the written Sentencing Order and Judgment followed on August 24, 2018.

3

record evidence to have been caused by the defendant's criminal conduct. *Pierre*, ¶ 12 (citing §§ 46-18-201(5), -241(1), and -243(1), MCA). An offender is responsible only for the pecuniary losses he has agreed to pay or that are caused by an offense he committed. *Pierre*, ¶ 12 (citing *State v. Simpson*, 2014 MT 175, ¶ 14, 375 Mont. 393, 328 P.3d 1144). The sentencing court may find the requisite causal connection by implication from proof of the elements of the offense, victim affidavits, or other evidence presented at sentencing. *Pierre*, ¶ 13. Although actual losses may be uncertain, they may still be recoverable if they are calculated by use of reasonable methods based on the best evidence available under the circumstances. *Simpson*, ¶ 14. "Reasonable methods include 'a reasonably close estimate of the loss.'" *Simpson*, ¶ 14 (quoting *State v. Dodson*, 2011 MT 302, ¶ 12, 363 Mont. 63, 265 P.3d 1254). Nothing in the restitution statutes requires a victim to substantiate a restitution calculation with documentation. *Simpson*, ¶ 14 (citing *State v. Aragon*, 2014 MT 89, ¶ 12, 374 Mont. 391, 321 P.3d 841). Accordingly, a district court may award restitution in reliance on victim testimony. *Simpson*, ¶ 14 (citing *Aragon*, ¶ 14).

¶7 Skolrud submitted various affidavits of pecuniary loss which were attached to the presentence investigation report. Skolrud appeared at sentencing and testified as to the property he identified to be stolen. He further testified that his wife, in his presence, looked up the values of the stolen items on the computer. Skolrud testified they had to look up and estimate the values using the computer as he could not remember what he paid for all of the items or where he could now locate them. He believed the valuations to be

4

reasonably accurate and the best calculations they could come up with under the circumstances when he signed the affidavits.

¶8 Given this evidence, we find no error on the part of the District Court. It was reasonable for the District Court to rely on the estimated values provided by Skolrud. He was present and discussing the missing items with his wife while she was using the computer to look up values for the stolen items and his testimony was subject to cross-examination. Given Skolrud's inability to reconstruct values based on what he paid for the items, his method of valuation was reasonable under the circumstances and his affidavits and testimony provided substantial evidence upon which the District Court could properly rely.

¶9 With regard to the restitution ordered for the repair of the Ford van, the State asserts White failed to object to this restitution at sentencing and has thus waived appeal of this issue. We agree with the State in this regard. Generally, we will not fault a district court for failing to address an issue that was not presented to it. *Simpson*, ¶ 11. Here, although White contested the restitution associated with the dismissed charges, at sentencing he did not object to this item of restitution. Additionally, were we to consider the merits, the District Court did not err in finding a causal connection between the dismissed theft charges and the restitution for damage to Skolrud's van, which was the same make and model of

White's van. That connection was clear in the charging documents and supported by Skolrud's testimony and affidavits.[2]

¶10 Finally, we turn to White's ineffective assistance of counsel (IAC) claim. Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. *State v. Ward*, 2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955. We review IAC claims on direct appeal if they are based solely on the record. *Ward*, ¶ 15 (citing *State v. Hinshaw*, 2018 MT 49, ¶ 21, 390 Mont. 372, 414 P.3d 271). Here, White asserts his counsel was ineffective in rebutting Skolrud's valuations by failing to introduce computer printouts of current prices offered by retailers for the claimed items of loss. From the record, it is not apparent why counsel did not introduce computer printouts of prices offered by other retailers or alternate valuations for the stolen items. It is plausible counsel intentionally decided not to enter such, hoping the District Court would be persuaded by his cross-examination and find Skolrud lacked sufficient personal knowledge to accept his valuations. In such an instance, there would be no alternative valuations upon which the District Court could rely and the court would then be forced not to award any restitution. Had counsel entered alternate valuations, the court would have been able to rely on those valuations to impose restitution. It is feasible counsel's failure to enter alternate valuations

---

[2] The affidavit supporting the Information reported someone had repeatedly stolen items for a 1994 Ford Econoline van, including its white rear passenger-side cargo door, floor mat, radio, heat controls, air cleaner assembly, and belt. Law enforcement witnessed White installing a white cargo door on his van around the same time as the reported thefts. Skolrud's affidavit of loss specifically listed the vehicle's broken windows and damaged ignition switch and steering column and Skolrud testified regarding the items taken from his van at sentencing.

was a tactical decision—wagering on an all or nothing restitution situation. It is also plausible counsel did not enter alternate valuations as they may have added support for the valuations asserted by Skolrud. As it is not apparent from the record why counsel did not enter alternate valuations, White's IAC claim is more appropriate for review, if at all, through a petition for postconviction relief and we decline to address it here on direct appeal.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE