FILED

04/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0097

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0097

FILED

APR 20 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

RANDY JANGULA,

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　O R D E R

CAPTAIN JASON KOWALSKI,

　　　　　Respondent.

_____

Through counsel from the Appellate Defender Division, Randy Jangula petitions this Court for rehearing of a March 16, 2021 Order where we denied Jangula's petition for habeas corpus relief that Jangula had filed on his own behalf from the Missoula Assessment and Sanction Center. Jangula contends that a petition for rehearing is warranted, pursuant to M. R. App. P. 20(1)(a)(iii), because this Court's denial of Jangula's petition for habeas corpus relief "conflicts with a statute or controlling decision not addressed by the supreme court." Upon review, we grant his petition for rehearing.

Jangula indicated in his initial Petition for a Writ of Habeas Corpus that his sentence was illegal because he was sentenced after April 28, 1999, and he received a sentence of more than five years suspended to the Department of Corrections, none of which was suspended. Jangula provided: "I was sentenced on January 14, 2021 to 20 years with Ten [suspended] to 10 years DOC[.] it is my understanding 20 years with 15 [suspended] with 5 DOC[.]"

In our previous Order, we stated that Jangula's sentence was valid, pursuant to § 46-18-201(3)(a)(iii), MCA. This Court incorrectly applied that statute to Jangula's sentence.

Counsel for Jangula points out this Court's error because Jangula was committed to the Department of Corrections (DOC) and not sentenced to a term of incarceration. Jangula provides that the previous Order conflicts with § 46-18-201(3)(a)(iv)(A), MCA, providing

"all but the first 5 years of the commitment to the department of corrections must be suspended[.]" *See State v. Southwick*, 2007 MT 257, ¶¶ 27-28, 339 Mont. 281, 169 P.3d 698 (statutes at the time of the offense apply); *State v. Hicks*, 2006 MT 71, ¶ 42, 331 Mont. 471, 133 P.3d 206 (citing that all but the first five years must be suspended, pursuant to § 46-18-201(3)(d)(i), MCA (2003)); and *State v. Heath*, 2004 MT 58, ¶ 44, 320 Mont. 211, 89 P.3d 947 (quoting §§ 46-18-201(3)(c)-(d), MCA (1999) for a commitment to the DOC with all but five years suspended).

Here, the Missoula County District Court sentenced Jangula to the DOC and imposed concurrent, twenty-year terms with ten years suspended for two counts of assault with a weapon and for two counts of criminal distribution of dangerous drugs. The District Court also recommended ISP (Intensive Supervision Program) for Jangula as part of his sentence for assault with a weapon. *See State v. Habets*, 2011 MT 275, ¶ 18, 362 Mont. 406, 264 P.3d 1139 ("A district court can only recommend placement into an appropriate treatment program. Section 46-18-201(3)(a)(iv)(A), MCA."). A district court's imposition of sentence must comply with statutory parameters to be a legal and facially valid sentence. *Southwick*, ¶ 26; *Habets*, ¶ 13; *Hicks*, ¶¶ 41. As Jangula argues on rehearing, his sentences do not, and he has a facially invalid sentence. *Lott v. State*, 2006 MT 279, ¶¶ 20-22, 334 Mont. 270, 150 P.3d 337. Jangula should have received DOC commitments of twenty-year terms with fifteen years suspended for the four felonies, pursuant to § 46-18-201(3)(a)(iv)(A), MCA, and a DOC commitment of ten years with five years suspended for the remaining criminal endangerment charge. We conclude that the illegal portion of the sentence affects the entire sentence, and we remand for re-sentencing. *Heath*, ¶ 49; *Hicks*, ¶ 44. Based on the foregoing, therefore,

IT IS ORDERED that Jangula's Petition for a Rehearing is GRANTED, and that this Court's March 16, 2016 denial of Jangula's Petition for a Writ of Habeas Corpus is RESCINDED.

IT IS FURTHER ORDERED that Jangula's Petition for a Writ of Habeas Corpus is GRANTED in part, remanding this matter to the Fourth Judicial District Court,

2

Missoula County, for resentencing in Cause No. DC-2020-202 and Cause No. DC-2020-481, in compliance with § 46-18-201(3)(a)(iv)(A), MCA.

The Clerk of the Supreme Court is directed to provide a copy of this Order to the Honorable John Larson, Fourth Judicial District; to Shirley E. Faust, Clerk of District Court, Missoula County, under Cause Nos. DC 2020-202 and DC-2020-481; and to counsel of record.

DATED this 20 day of April , 2021.

Justices