CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
*165 ¶1 Troy McClelland appeals from the District Court’s Opinion and Order filed September 26, 2013, affirming the judgment of the Bozeman Municipal Court that McClelland must pay $845.24 in restitution to the Crime Victims Compensation Program. We reverse.
¶2 The issue on appeal is whether the Municipal Court properly denied McClelland’s request to examine the mental health treatment form that supported the State’s restitution request.
BACKGROUND
¶3 In March 2012 McClelland was charged by citation with partner or family member assault, second offense. In January 2013 the State served and filed notice that the Crime Victims Compensation Program (Program) sought restitution from McClelland for the amount the Program paid to the victim’s counselor as a result of treatment required by McClelland’s conduct. The notice included a cover letter and affidavit attesting that the Program had awarded benefits to McClelland’s victim by paying the victim’s counseling costs of $845.24.
¶4 In February 2013 McClelland reached a plea agreement with the State in which he agreed to plead guilty to negligent endangerment. McClelland requested a hearing on the amount of the restitution, and the hearing was held in March 2013. McClelland agreed that the Program had provided benefits to the victim and did not dispute that the Program is entitled to restitution. The State called two witnesses from the Program. Amanda Eslick described the Program’s claim-screening process and testified that McClelland’s victim requested payment from the Program for mental health counseling she received as a result of McClelland’s offense. Eslick testified that she examined law enforcement reports and the treatment plan form prepared by the counselor, but not actual counseling notes. She explained that the Program developed the treatment plan form, and that among other things it required mental health care providers to state, by percentage, the proportion of the counseling attributable to the particular crime. The counselor submitted a treatment plan form affirming that 100% of the victim’s counseling was related to McClelland’s offense. The Program relied upon that affirmation in setting the amount of restitution. The State’s other witness, Kathy Matson, testified that she reviewed the claim and determined that the Program should pay benefits in the amount of the full billing for the counseling, based upon the counselor’s treatment plan form which stated that all of the counseling costs related to McClelland’s offense.
¶5 McClelland’s attorney questioned whether 100% of the counseling was attributable to McClellan’s offense, but acknowledged that she had *166 no evidence to challenge that allocation. Further, McClelland did not subpoena any witness to the hearing, did not contact anyone connected with the Program seeking information, and did not request a continuance to do so. The only factual basis for McClelland’s challenge to the restitution amount is that the treatment plan form, according to the testimony, stated that the victim had experienced domestic violence trauma in the past. McClelland’s attorney moved that she be allowed to examine the form, but the State objected based upon an assertion that the victim had a right of privacy in the information. The Municipal Court did not examine the treatment plan form; did not admit it into evidence; and it is not part of the record. The Municipal Court denied McClelland’s request to examine the form based upon the assertion that the victim had a right of privacy in the information it contained.
¶6 McClelland did not offer any exhibits or witnesses at the restitution hearing, but contended that the State had failed to meet its burden of proof as to the amount of restitution. The Municipal Court found that a preponderance of the evidence supported the amount of restitution sought and ordered that McClelland make restitution to the Program for the counseling costs. McClelland appealed to the District Court; that court reviewed the record and affirmed the restitution order. The District Court denied McClelland’s claims that he had not received sufficient notice of the witnesses who testified at the restitution hearing and that he should have had access to the mental health treatment form.
STANDARD OF REVIEW
¶7 A district court functions as an intermediate appellate court when a case is appealed from municipal court. Sections 3-5-303 and 3-6-110, MCA. This Court independently reviews an appeal from the district court’s decision. City of Bozeman v. Cantu, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461. This Court reviews a lower court’s factual findings regarding restitution to determine whether they are clearly erroneous. State v. Essig, 2009 MT 340, ¶ 12, 353 Mont. 99, 218 P.3d 838. This Court reviews a contention that the sentencing court violated a defendant’s right to due process, as an issue of law to determine whether it is correct. State v. Ferguson, 2005 MT 343, ¶ 99, 330 Mont. 103, 126 P.3d 463.
DISCUSSION
¶8 Issue: Whether the Municipal Court properly denied McClelland’s request to examine the mental health treatment form that supported the *167 State’s restitution request.
¶9 A sentencing judge must require a convicted person to make “full restitution” to a crime victim who has suffered a pecuniary loss. Section 46-18-201(5), MCA; State v. Simpson, 2014 MT 175, ¶ 10, 375 Mont. 393, 328 P.3d 1144. The measure of the restitution is “all special damages ... substantiated by evidence in the record” that the victim could recover in a civil action based on the same facts or events. Section 46-18-243(1), MCA. While the Rules of Evidence do not apply at sentencing, a defendant has a due process right to explain, argue and rebut any information presented at the hearing. State v. Aragon, 2014 MT 89, ¶ 12, 374 Mont. 391, 321 P.3d 841.
¶10 Restitution is not criminal punishment, but is a civil remedy administered by courts for the convenience of victims. State v. Field, 2005 MT 181, ¶ 29, 328 Mont. 26, 116 P.3d 813. When there is no presentence investigation, as in the present case, “the court shall accept evidence of the victim’s loss at the time of sentencing.” Section 46-18-242(2), MCA. The restitution amount will be upheld if “calculated by use of reasonable methods based on the best evidence available under the circumstances” and specific documentation is not required. Simpson, ¶ 14; State v. Dodson, 2011 MT 302, ¶¶ 12-14, 363 Mont. 63, 265 P.3d 1254. When the defendant does not present contradictory evidence “the District Court does not err in relying on a victim’s estimates of loss.” Simpson, ¶ 14. The restitution amount must be supported by a preponderance of the evidence. State v. Hilgers, 1999 MT 284, ¶ 4, 297 Mont. 23, 989 P.2d 866.
¶11 The Crime Victims Compensation Program exists to provide compensation to persons who are innocent victims of crime. Section 53-9-102, MCA. When the Program compensates a victim, the Program steps into the shoes of the victim and is entitled to restitution from the offender for the amount of compensation paid. Section 46-18-243(2), MCA. The Program has a subrogation right to any restitution ordered by a court, to the extent of its payment to the victim. Section 46-18-248, MCA. McClelland does not contest the Program’s right to seek restitution in this case.
¶12 McClelland contends that because the victim suffered some domestic violence in the past, her most recent counseling could not have all been based upon his conduct. He does not explain how the fact of prior domestic violence contradicted the counselor’s conclusion about the victim’s current treatment, and he did not produce any evidence to support this speculation. We do not make any determination as to validity or impact of the prior information about the victim’s exposure to domestic violence.
*168 ¶13 Despite this, we agree with McClelland that it was error for the Municipal Court to categorically deny his attorney access to the treatment plan form. The State’s witnesses relied on the form in their testimony. When the prosecution raised the privacy issue, the Municipal Court should have examined the form to determine whether it contained information that implicated the victim’s privacy rights protected by Article II, Section 10 of the Montana Constitution. If the form contains the victim’s private information, then the court must determine whether the demands of individual privacy exceed the merits of public disclosure. Board of Trustees v. Cut Bank Pioneer Press, 2007 MT 115, ¶¶ 34-35, 337 Mont. 229, 160 P.3d 482. The competing interests of individual privacy and the right to know must be individually balanced in light of the facts of each case. T.L.S. v. Montana Advocacy Program, 2006 MT 262, ¶ 25, 334 Mont. 146, 144 P.3d 818. To the extent that the form did not contain the victim’s private information, McClelland was entitled to view the form as a matter of procedural due process. Aragon, ¶ 12.
¶14 As noted above, McClelland was entitled to explain, argue or rebut any restitution information received at the hearing. The summary rejection of McClelland’s request to examine the treatment plan form impacted McClelland’s right to explain, argue or rebut the restitution information presented at the hearing. If a crime victim provides a written statement at the sentencing hearing, the court is required to provide a copy to the defendant. Section 46-18-115(4), MCA; State v. McMaster, 2008 MT 268, ¶ 32, 345 Mont. 172, 190 P.3d 302. In this case the Program stood in the shoes of the victim for purposes of restitution and provided a written statement of loss to the court. The Program witnesses relied on the form when testifying,
¶15 At the same time, the victim may have a protectable expectation of privacy to some portion of the contents of the treatment plan form. If the treatment plan included information that was subject to the victim’s rights of individual privacy, then the Municipal Court could have taken steps to protect the victim’s privacy, such as redacting that information and allowing access to the redacted form. Since the treatment plan form is not in the record we have no basis to further review the Municipal Court’s decision that it could not be examined by McClelland’s attorney.
¶16 The Dissent misapprehends the nature and the breadth of the majority Opinion. Nothing in this Opinion requires that any person’s private health care information be disclosed, nor does it contain any requirements contrary to the statutes that govern the Program. This Opinion applies only to the Program’s form that the witnesses in this *169 case relied upon in seeking restitution from McClelland. It stands only for the proposition that a court faced with an issue of a document that may contain matters of individual privacy must determine the contents of the document and balance the competing interests of privacy and disclosure as clearly required by established Montana law. This Opinion clearly states that information that comes within the victim’s right to individual privacy may not be disclosed.
¶ 17 Therefore, we reverse the determination as to restitution due from McClelland and remand to the Municipal Court for further proceedings consistent with this Opinion.
¶18 Reversed.
JUSTICES COTTER, WHEAT and SHEA concur.