FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0278

DA 15-0278

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 219

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JOHNATHAN WESLEY HILL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DC-14-10
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad M. Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            MaryAnn D. Ries, Pondera County Attorney, Conrad, Montana

Submitted on Briefs:  August 17, 2016

Decided:  September 6, 2016

Filed:

                                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Johnathan Wesley Hill appeals from the District Court's order imposing an obligation of restitution as a part of his sentence. We affirm.

¶2    The issue on appeal is:

*Did the District Court err in imposing a restitution obligation of $2,500?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3    In September 2014 Hill stole and wrecked a 1995 Pontiac Bonneville. The car was a total loss and the State charged Hill with felony theft. In January 2015 the State and Hill signed an agreement under which Hill would plead guilty to felony theft and the State would recommend a three-year suspended sentence. The parties agreed that Hill owed restitution to the car's owner, but could not agree upon the amount. At the change of plea hearing on January 20, 2015, Hill pled guilty to felony theft. As part of the factual basis to support the plea, Hill acknowledged that the vehicle "could potentially" be worth over $1,500, the threshold value for stolen property to support a charge of felony theft under § 45-6-301(8)(b), MCA.

¶4    The District Court conducted a sentencing and restitution hearing on March 23, 2015. The District Court imposed a suspended sentence pursuant to the plea agreement and moved on to consider restitution. The State filed and relied upon an affidavit of the vehicle's owner that the "replacement value" of the car was $2,500. The owner's affidavit was supported by a page from the "NADA Guide" that she relied upon, indicating an original sticker price of $20,804 for the car in 1995; a current "low retail"

2

of $1,975; a current "average retail" of $3,575; and a current "high retail" of $5,400. The NADA Guide explained that the values given were "retail consumer value[s] and to be considered as selling prices." The NADA Guide described a vehicle fitting the "average retail" category as one in "good condition overall": a well-maintained original, completely operable and serviceable. The Guide also contained descriptions of vehicles that would fit the other value categories.

¶5 In response, Hill did not present any testimony. His attorney referenced "Kelly Blue Book" material that he had appended to a prior motion to dismiss the charge.[1] He asserted that the "Kelly Blue Book" placed a $1,400 "top dollar" value on the car because of its high mileage. Hill's attorney argued that the $2,500 value was "extremely high."

¶6 The District Court noted that Hill had "admitted the value of the property was over $1,500" by expressly pleading guilty to the offense of felony theft. The District Court elected to not impose a criminal fine on Hill, but to insure that the victim received restitution for the car. The District Court stated that if he were "going to err" it would be "on the side of the victim" and imposed restitution of $2,500.

¶7 Hill appeals.

**STANDARD OF REVIEW**

¶8 This Court reviews a district court's determination of restitution as an issue of law, to determine whether it is correct. *State v. Johnson*, 2011 MT 116, ¶ 13, 360 Mont. 443, 254 P.3d 578. This Court reviews a district court's findings of fact as to the amount of

---

[1] The motion to dismiss was based upon an argument that the stolen vehicle was not worth $1,500, the threshold value for a charge of felony theft. The District Court never ruled on that motion.

restitution under the clearly erroneous standard. *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841. A finding of fact is clearly erroneous if it is not supported by substantial evidence; if the district court misapprehends the effect of the evidence; or if this Court's review of the record convinces us that the district court has committed a mistake. *State v. Passwater*, 2015 MT 159, ¶ 9, 379 Mont. 372, 350 P.3d 382. Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence. *State v. Jent*, 2013 MT 93, ¶ 10, 369 Mont. 468, 299 P.3d 332.

## DISCUSSION

¶9 *Issue: Did the District Court err in imposing a restitution obligation of $2,500?*

¶10 Montana law requires a sentencing court to order restitution when a defendant's crime results in pecuniary loss to a victim. Section 46-18-201(5), MCA; *Aragon*, ¶ 12. The amount of restitution is based upon the special damages that a crime victim could recover in a civil action against the defendant based upon the same facts. Section 46-18-243(1), MCA. The victim is entitled to restitution for "the full replacement cost of property taken, destroyed, harmed or otherwise devalued as a result of the offender's criminal conduct." Section 46-18-243(1)(b), MCA. The rules of evidence do not apply to a determination of restitution, but the defendant has a due process right to explain, argue and dispute any information presented on the issue. *State v. McClelland*, 2015 MT 281, ¶ 9, 381 Mont. 164, 357 P.3d 906.

4

¶11 A district court may award restitution even though the actual loss may be uncertain as long as the loss was derived by use of reasonable methods and the best evidence available under the circumstances. *State v. O'Connor*, 2009 MT 222, ¶ 14, 351 Mont. 329, 212 P.3d 276. The district court may rely upon the victim's estimates of her loss to determine the level of restitution. *McClelland*, ¶ 10; *Aragon*, ¶ 14.

¶12 As in other cases, the issue here is not whether the car owner is entitled to restitution for her loss, but where that loss should be set between competing values. *Aragon*, ¶ 13. The choice was a value between $1,500 and $2,500.

¶13 Here the victim's request for $2,500 replacement value was well explained. She filed an affidavit to support her request and appended supporting information from the NADA Guide. That Guide set a range of values for vehicles of the same make, model and year, and clearly described the condition of a vehicle that would fit in each of the valuation categories. The owner, who was the person most familiar with her car, affirmed that it should be valued between the low retail and average retail selling prices.

¶14 Hill's reliance upon "Blue Book" values was not sufficient to displace the victim's affidavit of loss. The Blue Book sheets appended to Hill's prior brief did not relate the values given to particular vehicle conditions (except perhaps mileage) and did not specify the context in which those values should be used. By contrast, the NADA Guide described the relevant vehicle condition categories and specifically represented that its values should be "considered as selling prices" to the retail consumer. That is exactly the position that the owner here would be in if she were searching for a replacement vehicle.

¶15 There was substantial evidence of the replacement value of the vehicle that Hill stole and wrecked, and the District Court properly relied upon the evidence to set the restitution obligation. The evidence falls well within a range that a reasonable person might accept as adequate to support a conclusion as to the replacement value for the car. Because the victim presented evidence of valuation in the amount of $2,500, the District Court's findings were not clearly erroneous.

## CONCLUSION

¶16 The District Court properly set Hill's restitution obligation at $2,500.

¶17 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE