Justice Beth Baker delivered the Opinion of the Court.
***12 ¶1 Bobby Francis Lowry appeals from the order of the Eighteenth Judicial District Court, Gallatin County, to pay $25,835.37 in restitution to his former employer, Industrial Automation Consultants ("IAC"), after he pleaded no contest to theft of property by embezzlement in violation of § 45-6-301(7), MCA (2015). Lowry argues that § 46-18-243, MCA, does not authorize $13,989.31 of the ordered restitution. We agree with Lowry in part. We reverse a portion of the challenged award and remand for recalculation of restitution.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 Lowry began working as a senior project engineer for IAC in March 2015. IAC provided Lowry with a laptop, an external backup hard drive, and an adapter cable for his work. Lowry spent most of his time with IAC on a project to retrofit an existing control system to a new control platform for an IAC client. During his month-long tenure with IAC, Lowry recorded 112.5 hours on IAC client projects, 18.5 hours in internal training, 8 hours at a quarterly meeting and a ***13 conference, and 20 hours of paid time off. On or about April 14, Lowry stopped coming to work. Despite IAC's requests to return the laptop and accessories to IAC, Lowry did not return them. IAC reported the theft of the laptop and related equipment to the Gallatin County Sheriff in April 2015. The State charged Lowry with felony theft of property by embezzlement in violation of § 45-6-301(7), MCA (2015), in December 2015.
¶3 After Lowry left the company without returning the laptop, IAC refused to send him his last paycheck. Lowry filed a complaint with the Montana Department of Labor & Industry. In August 2016, the parties settled the wage dispute. In the settlement, IAC and Lowry agreed to deduct from Lowry's final paycheck the costs of a missing office key, the laptop, and an unpaid hotel bill that Lowry incurred during his employment and IAC paid on his behalf.
¶4 In September 2016, Lowry entered into a plea agreement with the State and pleaded no contest to the charged offense. He admitted that he refused to return the laptop to IAC. The court adjudged Lowry guilty of felony theft of property by embezzlement and scheduled a restitution hearing.
*1151 ¶5 At the hearing, the State submitted an amended restitution request totaling $25,835.37. The request included the cost of the missing equipment not already deducted from Lowry's final paycheck, the cost of labor to recreate Lowry's work, the lost profits from Lowry's lost work, the cost of Lowry's training and paid time off, and the billable value of the hours the office administrator and president of IAC spent cooperating in the investigation and prosecution of the crime. Charles Wambeke, IAC's president, provided testimony to support the request and laid foundation for receipts for the missing equipment, as well as time sheets from Lowry and from the engineers who recreated Lowry's work.
¶6 Wambeke testified that IAC's standard operating procedures required engineers to upload their work product to IAC's server daily, but that Lowry had not done so. Because Lowry did not back up his work to the server or return the laptop, IAC essentially lost all of Lowry's work product when he left the company and had to recreate it. IAC pulled two engineers from other projects to complete the project by the client's deadline. Wambeke testified that the engineers would have been working on other billable projects during this time but for Lowry's theft of the laptop containing the saved work product. Wambeke requested reimbursement to IAC for the wages it paid Lowry for training, meetings, and paid time off, because "it turned out to be a bad investment" and "was of no value" to the company. He also ***14 testified that IAC was requesting the billable rate for the 31 hours that he and the office administrator each had spent on the case. He testified that his billable rate was $169 per hour. He did not testify to the office administrator's billable rate, but the restitution request charged her hours at $85 per hour. Wambeke testified that the hours he spent working on this case kept him from billing time to clients.
¶7 Lowry also testified during the hearing. Though he acknowledged taking the laptop, he claimed that he had not taken the cable or external hard drive. He further contended that he uploaded his work product to IAC's server and to the client and that IAC did not have to recreate it. In its Findings of Fact, Conclusions of Law, and Order for Restitution, the District Court found Wambeke credible and stated that it had "serious concerns" about Lowry's honesty. It ordered Lowry to pay the entire $25,835.37 restitution request. At a later sentencing hearing, Lowry was sentenced to ten years, with five suspended, to the Department of Corrections. The District Court included $25,835.37 restitution in the sentencing order.
STANDARDS OF REVIEW
¶8 A district court's determination of restitution is an issue of law, which we review for correctness. State v. Hill , 2016 MT 219, ¶ 8, 384 Mont. 486, 380 P.3d 768. We review for clear error a district court's findings of fact as to the amount of restitution. Hill , ¶ 8.
DISCUSSION
¶9 Lowry argues that § 46-18-243, MCA, does not authorize all the restitution that the District Court ordered. He maintains that the District Court had no authority to order restitution for (1) the cost of the wages paid to other employees to recreate his work, (2) the reimbursement of wages paid to him for time off and training, or (3) the billable value of the hours that IAC's office administrator and president worked with law enforcement on the case. These amounts add up to $13,989.31 of the ordered restitution.
¶10 Section 46-18-201(5), MCA, requires a sentencing court to "require payment of full restitution to the victim" of the crime for "a pecuniary loss." A sentencing court must "require an offender to make full restitution to any victim who has sustained pecuniary loss, including a person suffering an economic loss." Section 46-18-241(1), MCA. Section 46-18-243(1), MCA, defines "Pecuniary loss" in pertinent part to include:
(a) all special damages, but not general damages, substantiated by ***15 evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities, including without limitation out-of-pocket losses, such as *1152 medical expenses, loss of income, expenses reasonably incurred in obtaining ordinary and necessary services that the victim would have performed if not injured, expenses reasonably incurred in attending court proceedings related to the commission of the offense, and reasonable expenses related to funeral and burial or crematory services;
(b) the full replacement cost of property taken, destroyed, harmed, or otherwise devalued as a result of the offender's criminal conduct;
...
(d) reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense.
¶11 Our case law establishes that restitution ordered under § 46-18-243(1)(a), MCA, "is clearly contingent upon the victim being able to recover the claimed damages in a civil action." State v. Barrick , 2015 MT 94, ¶ 22, 378 Mont. 441, 347 P.3d 241. When restitution is ordered under § 46-18-243(1)(a), MCA, we routinely consider " 'our precedent in the fields of tort and contract law' to determine whether the restitution award was appropriate." Barrick , ¶ 21 (quoting State v. Kalal , 2009 MT 103, ¶ 9, 350 Mont. 128, 204 P.3d 1240 ).
¶12 Lowry first challenges the District Court's order of $4,326.92 for "lost wages" to other engineers to recreate Lowry's work. Lowry argues on appeal that IAC could not recover the wages it paid to other engineers to recreate his work, because those engineers would have worked the exact same hours, albeit on different projects, regardless of his crime.
¶13 The District Court ordered $4,326.92 in restitution for the labor to recreate stolen work product and $11,648.08 for lost profits. Although the District Court characterized the $4,326.92 as "lost wages" for other engineers to recreate Lowry's work, the amount was calculated using the number of billable hours Lowry reported and Lowry's hourly wage of $38.46, not the number of hours other engineers worked on the project and their hourly wages. Timesheets and a payroll log admitted into evidence showed that other engineers spent more time than Lowry to recreate his work and that one engineer's wage rate was higher than Lowry's rate. The District Court then calculated $11,648.08 in lost profits by using the number of ***16 billable hours Lowry reported multiplied by Lowry's billable rate of $142 per hour and subtracting the $4,326.92 ordered as "lost wages" from that amount. Wambeke laid the proper ground work for lost profits, explaining that he was unable to bill the client for Lowry's work and that he had to pull engineers off other projects to recreate the work. The time these engineers spent recreating Lowry's work could have been spent on other billable projects. Thus, IAC lost the ability to bill for the hours that Lowry worked when he failed to upload his work product to the server and stole IAC's laptop.
¶14 The District Court erred in ordering $4,326.92 in "lost wages." As a general rule, wages an employer pays to a defendant are not recoverable as restitution. State v. Brewer , 1999 MT 269, ¶ 24, 296 Mont. 453, 989 P.2d 407. The District Court should not have ordered restitution in the amount IAC paid Lowry for wages. But Lowry's theft of the laptop and work product did prevent IAC from billing all 112.5 hours of Lowry's work to clients at $142 per hour. Lowry does not challenge that the District Court properly awarded IAC its lost income. IAC's lost income from Lowry's crime is the number of billable hours he reported multiplied by his billable rate, a total of $15,975. IAC was entitled to recover this full amount that it would have billed clients but for Lowry's theft of the laptop. Thus, the District Court should not have deducted the $4,326.92 of wages from the calculation for IAC's "lost profits."[1]
¶15 Lowry next challenges the District Court's order that he pay $1,788.39 in restitution to reimburse IAC for the wages it paid Lowry for training, conferences, and *1153 paid time off. As we explained in Brewer , "wages paid to [the employee] over the course of [his] employment ... do not constitute pecuniary loss to [an e]mployer, and are not recoverable in a civil action against [the employee]." Brewer , ¶ 24. Whether Lowry was being paid to work or for some other authorized purpose, IAC paid him wages for that time. The State does not distinguish Brewer and cites no civil theory under which IAC could recover the wages it paid Lowry for training, conference attendance, and paid time off. The District Court erred in ordering $1,788.39 in restitution to reimburse IAC for the wages it paid Lowry for training, conferences, and paid time off.
¶16 We turn last to the restitution ordered for the billable value of the ***17 hours that IAC's office administrator and president worked with law enforcement on the case. Lowry maintains that the District Court improperly ordered these costs as restitution under § 46-18-243(1)(d), MCA, because they were not cash payments or outlays, but rather income IAC claimed it was prevented from earning. Lowry further maintains that the District Court also could not have ordered that amount in restitution under § 46-18-243(1)(a), MCA, because those costs would not be recoverable in a civil action for conversion or breach of contract.
¶17 The District Court ordered restitution pursuant to § 46-18-243(1)(d), MCA, for the billable value of the time the office administrator and president spent cooperating with law enforcement. Subsection (1)(d) allows for the recovery of "reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense." Section 46-18-243(1)(d), MCA. Unlike restitution ordered under subsection (1)(a), subsection (1)(d) "provides for recovery of victim expenses involving a cash payment or outlay." Barrick , ¶ 17 (holding that a victim's lost wages resulting from defendant's killing of the family dog were not an out-of-pocket expense under the plain language of § 46-18-243(1)(d), MCA ).
¶18 The compensation IAC paid to the office administrator and president for the time they spent working with law enforcement is a "cash payment or outlay" that the company expended "cooperating in the investigation and prosecution of the offense." Section 46-18-243(1)(d), MCA ; Brewer , ¶ 17. But the billable value of those hours is not. The District Court erred in ordering $2,635 in restitution for the billable value of the office administrator's time and $5,239 for the billable value of the president's time spent cooperating with law enforcement under § 46-18-243(1)(d), MCA. Under subsection (1)(d), the out-of-pocket expense IAC incurred for the office administrator's and the president's time is limited to the amount of wages the company paid to them for the time spent cooperating in the investigation and prosecution. The only evidence at the restitution hearing was the billable hourly rate for each. We remand with instructions for the District Court to receive evidence regarding the wage rate of the office administrator and president at the time of their cooperation in the investigation and to recalculate the restitution based on their wage rates. See State v. Coluccio , 2009 MT 273, ¶¶ 45-46, 352 Mont. 122, 214 P.3d 1282 (holding that the district court's restitution figure was supported by insufficient information and remanding for the district court to "legally and factually reconsider[ ]"
***18 the correct amount of restitution), overruled on other grounds by State v. Kim , 2012 MT 69, 364 Mont. 356, 274 P.3d 746.
CONCLUSION
¶19 We affirm in part and reverse in part. We remand with instructions for the District Court to receive evidence regarding the wage rates of the office administrator and president of the company at the time of their cooperation in the investigation and to recalculate restitution in accordance with this Opinion.
We Concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.

It does not matter that IAC agreed to pay Lowry his wages in the Department of Labor & Industry settlement. Lowry was entitled to be paid, and his employer was entitled to what it would have recovered from the client had Lowry turned in his work.