FILED

10/20/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0388

DA 19-0388

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 268N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WILLIAM EUGENE JOHNSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DC-18-251(A)
                  Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender, Alicia Kelly, Law Student Intern,
                Koan Mercer, Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler,
                Bureau Chief, Lauren Amongero, Law Student Intern, Tammy Plubell,
                Assistant Attorney General, Helena, Montana

                Travis R. Ahner, Flathead County Attorney, Andrew C. Clegg, Kalispell,
                Montana

                      Submitted on Briefs:  August 26, 2020

                                  Decided:  October 20, 2020

Filed:

                          _____
                                      Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant William E. Johnson appeals from the May 17, 2019 Judgment and Sentence of the Eleventh Judicial District Court, Flathead County, ordering Johnson pay restitution following his guilty plea to two counts of burglary, a felony, pursuant to § 45-6-204, MCA. Johnson raises the following arguments on appeal: (1) whether the District Court imposed an illegal sentence by ordering restitution based on the retail value of the stolen items instead of the wholesale value, exceeding the replacement cost; and (2) whether the District Court erred by imposing the $100 prosecution surcharge per count.[1] We affirm as to the District Court's restitution award. The State concedes the District Court erred by imposing the $100 prosecution surcharge per count; therefore, we remand for correction of the judgment as it pertains to the prosecution surcharge.

---

[1] Johnson also asserts on appeal that the restitution award was not supported by substantial evidence because, according to Johnson, "the best evidence available under the circumstances was not used to determine losses." Specifically, Johnson contends that a security video of him committing one of the burglaries provided the "best evidence" of what items were stolen. The State responds that Johnson raises this issue for the first time on appeal, and he did not attempt to use the video to challenge the State's restitution request before the District Court. That Johnson chose not to use the surveillance video to challenge the State's restitution request belies his contention on appeal that the video was the "best evidence available" for determining the amount of restitution owed. It also forecloses any meaningful assessment as to whether the video contradicts or otherwise undermines the evidence upon which the District Court based its restitution award. We therefore decline to consider it further.

¶3      On July 2, 2018, Johnson was charged with two counts of burglary pursuant to § 45-6-204, MCA.  Johnson was caught stealing items from inside Hanson's Hardware in Columbia Falls, Montana.  Johnson admitted to the responding officers that he stole from the store.  Johnson admitted he cut the fence to enter the property and pried open the store's garage door to gain entry.  Johnson admitted he also burglarized the store on June 17, 2018, by jumping the fence to the property and entering through an unlocked door.  After speaking with Gary Hanson, the owner of the store, Flathead County Sheriff Deputy Hicks learned Johnson was captured on the store's surveillance video stealing items at approximately 3:00 a.m.

¶4      On February 21, 2019, Johnson pled guilty to the charges pursuant to a plea agreement.  The plea agreement specified restitution was "to be determined."

¶5      At the change of plea hearing, Johnson testified that he received restitution information through his attorney and by mail.  Johnson confirmed that he reviewed the information from Hanson's Hardware regarding restitution.  The restitution included a quote for $4,063 to replace the damaged garage doors, and $3,600 for stolen items.

¶6      The District Court accepted Johnson's guilty plea, ordered a presentence investigation (PSI), and set sentencing for April 25, 2019.  The PSI, filed April 8, 2019, included a victim's pecuniary loss affidavit from Hanson.  The affidavit and other accompanying documents totaled the pecuniary loss at $8,664.24.  Hanson's affidavit calculated the total as follows:

1. $3,601.24 in stolen items from Hanson's Hardware
2. $4,063.00 to replace the garage doors;
3. $700.00 for 50 hours of labor at $14/hour; and

3

4. $300.00 to replace the office door.

¶7    In Hanson's victim impact statement (VIS) he described how Johnson's crimes have greatly affected his business. Hanson and his employees spent thirty hours sifting through recordings to investigate how Johnson entered the store and identifying stolen items. Another twenty hours was spent at the Sherriff's Department to investigate and secure the building. Hanson stated his actual loss incurred far exceeded the amount of restitution he was requesting. The VIS described the irreparable losses Hanson's business suffered in labor and profit even after payment of restitution. The PSI recommended Johnson pay $8,664.24 in restitution, as requested by Hanson.

¶8    On May 9, 2019, at Johnson's sentencing hearing, Johnson requested a restitution hearing regarding the items included in Hanson's affidavit. Johnson argued two items listed were without documentation and therefore required the State to present testimony regarding their value, and that the amount requested for two other items should be lowered.

¶9    The District Court noted it had received receipts for the stolen items in the amount of $2,269, an additional $1,332, and the quote to fix the door in the amount of $4,063. The District Court found restitution was established in the amount of $7,664.27.

¶10    The District Court allowed defense counsel to question Hanson, who was present at the sentencing hearing, about the cost of the items listed in the victim's pecuniary loss affidavit. Defense counsel asked Hanson to explain the $700 in loss of labor and $300 to replace the office door. Hanson testified the $700 lost labor cost was from investigations attempting to determine what was stolen or damaged as a result of Johnson's burglaries. Hanson testified the $300 was from Johnson damaging the door during the second break-in.

4

Hanson first estimated the cost of the repair to be $300 but stated, "It looks like it's going to cost about $900."

¶11 Hanson testified the store did inventory of certain sections daily. Even if some of the items have not been inventoried in a few months, Hanson testified their quantity is known based on order receipts. To determine what Johnson stole from the store, Hanson reviewed Johnson on surveillance video in certain aisles of the store. Hanson acknowledged issues with other thefts from his store, but he was confident that the items for which he sought restitution were all items Johnson had stolen because he used the surveillance video to help determine what Johnson stole.

¶12 Johnson testified he did not steal all the items on the inventory list compiled by Hanson. Johnson testified he only took tools he thought would help him obtain work. Johnson did not challenge Hanson's method for determining the value of the items missing from the store but asked the District Court to only order him to pay restitution for the items he admitted taking.

¶13 The District Court ordered Johnson to pay the full amount of restitution requested.

¶14 A criminal sentence is reviewed for legality. *State v. Simpson*, 2014 MT 175, ¶ 8, 375 Mont. 393, 328 P.3d 1144. This Court reviews a district court's order of restitution as an issue of law to determine whether it is correct. *State v. Hill*, 2016 MT 219, ¶ 8, 384 Mont. 486, 380 P.3d 768. A district court's finding of fact as to the amount of restitution is reviewed under the clearly erroneous standard. *Hill*, ¶ 8 (citing *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court

misapprehends the effect of the evidence, or if this Court's review of the record convinces us the district court has committed a mistake. *Hill*, ¶ 8 (citing *State v. Passwater*, 2015 MT 159, ¶ 9, 379 Mont. 372, 350 P.3d 382).

¶15 Johnson argues the District Court imposed an illegal sentence by ordering restitution based on retail prices instead of the store's wholesale prices, which exceeded the statutory definition of pecuniary loss. Johnson concedes he did not object to the District Court's method of valuation at sentencing.

¶16 A defendant is generally required to contemporaneously object to sentencing illegality to preserve such an argument for appeal. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892. We will, however, permit a defendant to challenge the legality of his sentence for the first time on appeal pursuant to the narrow rule articulated in *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). In doing so, we differentiate between an "illegal" sentence and an "objectionable" sentence. *State v. Coleman*, 2018 MT 290, ¶ 7, 393 Mont. 375, 431 P.3d 26. "While we may address illegal sentences for the first time on appeal, we refuse to address objectionable sentences not challenged below." *Coleman*, ¶ 7.

¶17 Upon sentencing in a criminal case, courts must require defendants to pay restitution, "in an amount sufficient to fully compensate victims for all pecuniary loss substantiated by record evidence to have been caused by the defendant's criminal conduct." *State v. Pierre*, 2020 MT 160, ¶ 12, 400 Mont. 283, 466 P.3d 494. Pecuniary losses include loss of income and the full replacement cost of property taken, destroyed, harmed, or otherwise devalued as a result of the offender's criminal conduct.

6

Section 46-18-343(1)(a)-(b), MCA. A defendant may not be ordered to pay restitution in excess of the damages caused by his criminal conduct. *State v. Pierre*, 2020 MT 160, ¶ 19, 400 Mont. 283, 466 P.3d 494.

¶18 The District Court's restitution order was based on Hanson's testimony, and his affidavit of loss with attached documentation. Johnson did not object at sentencing to the method of valuation Hanson used in calculating his loss but contended only that he did not steal all the property for which Hanson sought restitution. The record is unclear as to whether Hanson used retail or wholesale costs in calculating the restitution owed and Johnson failed to object and seek that clarification. Thus, Johnson has failed to establish on appeal that his sentence should be reviewed under the *Lenihan* exception. We affirm the District Court's restitution award.

¶19 Johnson next argues the $200 prosecution surcharge imposed by the District Court exceeded the statutory maximum and must be amended. The State concedes that pursuant to § 46-18-232, MCA, the prosecution surcharge should be $100. We therefore remand to the District Court with instructions to amend the total prosecution surcharge from $200 to $100.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed and remanded for correction of the judgment as it pertains to the prosecution surcharge.

/S/ JAMES JEREMIAH SHEA


We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON