FILED

03/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0095

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0095

BOBBY FRANCIS LOWRY V,

Petitioner,

v.

CAPTAIN BRADLEY BRAGG, LEWIS
AND CLARK COUNTY JAIL,

Respondent.



FILED

MAR 0 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Bobby Francis Lowry petitions this Court for habeas corpus relief, claiming that the Department of Corrections (DOC) has incorrectly calculated his sentence, thereby illegally extending his parole eligibility and discharge dates. Lowry further argues that he is being held in jail and that his bail is excessive. Since the filing of his Petition, Lowry has moved this Court to attach a document to his pleading. We grant the filing of these attachments as exhibits to his Petition.

This Court is familiar with Lowry, having entertained fourteen matters in less than six years. Lowry has three criminal convictions from two cases in the Gallatin County District Court. In May 2017, the District Court committed Lowry to the DOC for felony theft by embezzlement to a ten-year term with five years suspended (hereinafter first sentence). Lowry appealed on the issue of restitution. *State v. Lowry*, 2019 MT 191, 397 Mont. 11, 446 P.3d 1148. In August 2017, the District Court sentenced Lowry to the Montana State Prison (MSP) for two concurrent five-year terms for felony promoting prostitution of his wife and for felony partner or family member assault (hereinafter second sentence). The court ran the second sentence consecutively to his first sentence. He did not appeal.[1]

---

[1] In 2019, this Court denied his petition for an out-of-time appeal. *State v. Lowry*, No. DA 19-0190, Order (Mont. Apr. 9, 2019).

In 2018, Lowry sought habeas corpus relief with this Court concerning a timely appearance before the Board of Pardons and Parole (Board). *See Lowry v. Guyer*, No. OP 18-0610, Order (Mont. Jan. 22, 2019) (consolidated with No. OP 18-0663). In response, the DOC provided calculations for his sentences from Gallatin County.

Lowry now raises several issues along with an alleged sentence miscalculation and excessive bail. He contends that he did not violate a condition or term of his probation because he "discharged his five-year DOC sentence." He notes that a petition to revoke was filed in Gallatin County for his first sentence—that he deems controlling—due to new offenses for which he was arrested in Lewis and Clark County in March 2021. Lastly, Lowry argues that his bail of $100,000 is excessive in Lewis and Clark County because in 2015, his total bail was $50,000 for both cases in Gallatin County.

We point out that Lowry has provided no supporting documents or sentence calculations. We have relied in part on materials this Court has obtained in connection with his numerous other petitions. Lowry confuses his first and second sentences. His second sentence is the controlling sentence because it "requires the longest period of time served to parole eligibility." Admin. R. M. 20.25.202(3) (2016). The DOC sentence calculation on file here shows that his second sentence would not commence until February 11, 2020; however, he was parole eligible on both sentences in 2017—June 4 and October 16, respectively. His second sentence has the later date for parole eligibility. Lowry had to serve the unsuspended, or custodial, portion of his sentences. The first sentence commenced on March 5, 2016, because of credit for time served, and the prison portion discharged on March 4, 2021. Lowry states that he discharged his sentence on March 4, 2020, but he is incorrect because he was granted parole. Lowry is being held on a DOC hold in jail, and according to his attachments, he violated parole. He still has almost five years of a suspended sentence on his first sentence to serve with a discharge date of February 8, 2030.[2]

---

[2] This discharge date could change depending upon the Gallatin County District Court's actions upon the filed State's Petition to Revoke.

His arguments about his sentence calculations lack merit. Under Montana law, any suspended sentence, such as with his first sentence, may be revoked due to new offenses. Section 46-18-203(1), MCA. The Board also may revoke parole, pursuant to § 46-23-1025, MCA. Lowry has not demonstrated that the DOC has incorrectly calculated his sentences. He has provided no supporting documentation to reach this conclusion, and he is not entitled to habeas corpus relief. *Miller v. Eleventh Judicial District Court*, 2007 MT 58, ¶ 11, 336 Mont. 207, 154 P.3d 1186.

Turning to Lowry's last argument about excessive bail, he states that he is in custody and that he has served half of his sentence. These factors are not determinative of a bail amount. "Bail is a matter within the discretion of the trial court." *Grafft v. Mont. Fourth Judicial Dist. Court*, 2021 MT 201, ¶ 11, 405 Mont. 192, 197, 492 P.3d 1213 (citing *State v. London*, 131 Mont. 410, 425, 310 P.2d 571, 580 (1957)). Lowry has three criminal cases for five offenses pending in the Lewis and Clark County District Court. The judge imposed a bail amount after considering at least twelve factors listed in statute. Section 46-9-301, MCA. We further point out that Lowry has counsel to represent him in his underlying proceedings. Lowry should refrain from seeking habeas corpus relief on his own behalf with this Court while he is represented by counsel in the District Court. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191; M. R. App. P. 10(1)(c).

IT IS THEREFORE ORDERED that Lowry's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record; to Leo Gallagher, County Attorney; to Katie Jerstad, Deputy County Attorney; to Christine Zadra, Defense Counsel; to Victor Bunitsky, Defense Counsel; and to Bobby Francis Lowry personally.

DATED this ___8___ day of March, 2022.

Chief Justice

_____

_____

_____
Justices

4